JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Dana Samoly ("the buyer") appeals the rulings of the trial court, which granted the motion for summary judgment filed by appellee Robert Landry ("the seller") and the motion to compel arbitration and dismissal filed by appellee Egal America's Best Home Inspection Services Co. Inc. ("Egal"). After a thorough review of the arguments, and for the reasons set forth below, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
 {¶ 2} This case concerns the sale of a residence and real property located on West 48th Street in Cleveland, Ohio ("the property"). A dispute arose over the purchase agreement and contract for services between the buyer and the seller, Speed Exterminating Company ("Speed"), and Egal, (collectively "appellees").
 {¶ 3} On February 24, 2005, the buyer filed a complaint against the seller for damages (including defects to the floors, supports, foundation, and structure) for fraud/fraudulent misrepresentation, failure of contract, breach of contract, fraudulent concealment, unjust enrichment, and conversion. On October 5, 2005, the buyer added claims against Speed and Egal in an amended complaint.
 {¶ 4} On January 4, 2006, the seller filed a motion for summary judgment based on the doctrine of caveat emptor. On February 17, 2006, the buyer filed a memorandum in opposition to the seller's motion for summary judgment, arguing that genuine issues of material fact remained to be decided. On January 24, 2006, Egal filed a motion to compel arbitration and to dismiss. Egal argued that its contract *Page 4 
with the buyer contained an arbitration clause; therefore, the trial court should dismiss the case. On February 17, 2006, the buyer filed a brief in opposition to Egal's motion, which argued that if there was an arbitration clause in the contract, it was unconscionable. The buyer also argued that the matter was not ripe for mediation.
 {¶ 5} On June 27, 2006, without conducting a hearing, the trial court granted the seller's motion for summary judgment and Egal's motion to compel arbitration and dismiss. On October 25, 2006, the buyer and Speed reached a settlement agreement. On November 22, 2006, the buyer filed her notice of appeal.
 {¶ 6} This appeal arose from a dispute between the buyer and appellees regarding the sale of the property, the purchase agreement between the buyer and the seller, and home inspections performed by Egal and Speed. On November 26, 2002, the buyer and the seller entered into a purchase agreement for the sale of the property. The purchase agreement reflected the buyer's intent to have a home inspection within seven days. *Page 5 
 Buyer's Claim Against Seller {¶ 7} The buyer signed the purchase agreement on November 26, 2002. According to the seller, when he executed the residential property disclosure form in May 2002, he was unaware of any material problems with the floor, foundation, or walls. The seller had lived in the home since 1991, and the property had been inspected by the city of Cleveland in 1999. That inspection revealed that there was "normal foundation, no dampness" and that the floors and walls were "good." According to the seller, the buyer was given the opportunity to inspect the floors, supports, foundation, and structure of the property. The buyer hired Egal to perform a general inspection, which revealed no latent defects to the floors, supports, foundation, or structure.
 {¶ 8} All representations regarding the sale are contained within the purchase agreement. The buyer purchased the property "as is" under the terms of the purchase agreement. According to the buyer, the seller made specific representations to her that there were no defects in the property.
 {¶ 9} On December 7, 2002, the buyer and the seller entered into an amendment to the purchase offer regarding certain contingencies and inspections. The amendment provided that contingencies (most notably the home inspection contingency) would be removed if the seller performed certain conditions (such as replacing a broken window and crediting the buyer $500 to make several other repairs). *Page 6 
 Buyer's Claim Against Egal {¶ 10} The buyer claims damages against Egal for breach of contract, fraudulent concealment, unjust enrichment, and conversion. The parties had entered into a contract on December 3, 2002 for a general home inspection. The inspection took place on December 4, 2002. After Egal filed a motion to compel arbitration, the buyer filed a brief in opposition, in which she argued that she did not agree to an arbitration clause; she had no meaningful choice in the matter; no means by which to reject the arbitration provision in Egal's contract; and that the arbitration clause cannot be enforced because it apportions attorney's fees and expenses to the prevailing party.
 Timeliness of Appeal {¶ 11} Appellant brings this appeal asserting two assignments of error for our review. Before we address appellant's assignments of error, we must determine whether the appeal was timely filed. To do so, we must first determine when the court's order became final. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266.
 {¶ 12} In this case, if the trial court's journal entries granting the motion for summary judgment and motion to compel arbitration were final appealable orders as of June 26, 2006, appellant's notice of appeal, which was filed November 22, 2006, *Page 7 
would be outside the 30-day requirement for a timely-filed appeal. For the reasons set forth below, we find that there was no final appealable order until November 7, 2006, when the trial court issued journal entries indicating that the matter between the buyer and Speed had been settled and dismissed.
 {¶ 13} Civ.R. 54(B) states in relevant part:
 {¶ 14} "When more than one claim for relief is presented in an action whether
 {¶ 15} as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *." (Emphasis added.)
 {¶ 16} Here, there were multiple parties involved. The buyer filed claims against Speed, Egal, and the seller, all of which arose from the same transaction. Therefore, the trial court's granting of the seller's and Egal's motions would have been final appealable orders only if the journal entries contained the language "no just reason for delay." The journal entries did not contain that language; therefore, there was no final appealable order in this case until the buyer resolved her claims with Speed. Those claims were ultimately settled and dismissed in the trial court's November 7, 2006 journal entries; therefore, appellant's November 22, 2006 notice of appeal was timely filed.
 Motion for Summary Judgment *Page 8 {¶ 17} "I. The trial court erred as a matter of law in granting the appellee, Robert S. Landry's motion for summary judgment."
 {¶ 18} Appellant argues that the trial court erred when it granted the seller's motion for summary judgment. More specifically, she argues that genuine issues of material fact remain. We disagree.
 {¶ 19} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 20} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 21} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard *Page 9 
as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact or material element of the nonmovingparty's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 22} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 23} Appellant argues that summary judgment in favor of the seller was improper because there are genuine issues of material fact as to (1) the seller's failure to disclose material facts and material defects; (2) the seller's actions in concealing the true condition of the property; (3) the seller's actions which impeded *Page 10 
the buyer's ability to properly inspect the property; (4) the issues relating to the amendment of the purchase agreement; (5) the injuries sustained by the buyer as a result of the seller's misrepresentations; and (6) the remedy or amount of damages necessary to compensate the buyer for such injuries.
 {¶ 24} Appellant alleges that the seller failed to disclose numerous latent defects existing in the property and that the seller took affirmative steps to conceal the property's condition. After taking possession of the property, appellant learned that the floors, supports, foundation, and structure were severely compromised, which appellant believes were problems that were concealed by the seller.
 {¶ 25} The seller's motion for summary judgment was based on the doctrine of caveat emptor, which bars real estate buyers from recovering for defects in real estate when: (1) the condition is open to observation, or discoverable upon a reasonable inspection; (2) the buyer had the unimpeded opportunity to examine the premises; and (3) there isno fraud on the part of the seller. Layman v. Binns (1998),35 Ohio St.3d 176, 177, 519 N.E.2d 642.
 {¶ 26} In her memorandum in opposition to the seller's motion for summary judgment, appellant attached her own affidavit that contradicted much of the seller's bases for summary judgment. In her affidavit, she set forth her belief that the seller was aware of substantial defects in the property; that the seller affirmatively represented that no leaks or other material problems existed with the roof, *Page 11 
basement, foundation, walls, insects, or rodents, but that the seller knew of such defects; and that the seller took affirmative steps to conceal defects.
 {¶ 27} In support of her affidavit, appellant also attached the Mancini Expert Report, an inspection report by the City of Cleveland Department of Building and Housing, and an inspection report from Precise Exterminating Service ("PES"). The Mancini Report found: that insects had infested the main girder, that there was an improper reinforcement of a modified floor girder, that a floor joist is deeply notched for a pipe clearance, that there are improperly spliced girders, and that there are improperly secured posts. In summary, the Mancini Report found that there were "major structural deficiencies in the first floor framing." The PES report revealed that there were numerous issues regarding wood boring insects and rodents, which existed at the property for at least two years.
 {¶ 28} The seller's motion for summary judgment was based on the doctrine of caveat emptor. In response to the seller's request for admissions, appellant admitted that she had an opportunity to visually inspect the property before executing the purchase agreement. She also admitted that the seller provided her access to the property to inspect the floors, supports, foundation, and structure. In her attempt to defeat the seller's motion for summary judgment, and in her appellate brief, appellant argues that caveat emptor does not control this case because the conditions were not open to observation, or discoverable upon a reasonable inspection. She also argues that the use of caveat emptor is not allowed because *Page 12 
the seller engaged in fraud. However, appellant does not submit any evidence to support her assertions in opposition to the seller's motion for summary judgment.
 {¶ 29} Because appellant's assertions are not supported by any evidence, summary judgment in favor of the seller was appropriate. In her complaint, appellant alleged substantial structural defects in the floors, supports, foundation, and structure; however, these defects were open to observation and/ or discoverable upon reasonable inspection. Appellant admitted that she was given the opportunity to visually inspect the property. Further, appellant's own inspections failed to find any latent structural defects in the property.
 {¶ 30} While appellant repeatedly argues that caveat emptor does not apply because the seller knew of the latent defects and attempted to conceal them, there is no such evidence to support these assertions. The expert reports appellant obtained in support of her opposition to the motion for summary judgment do not provide evidence that the seller knew of any defects, or that he concealed them. If anything, these reports bolster the seller's caveat emptor defense in that they prove that these alleged defects were discoverable upon reasonable inspection. Egal should have discovered these alleged defects. Accordingly, appellant's first assignment of error is overruled.
 Motion to Compel Arbitration and to Dismiss *Page 13 {¶ 31} "II. The trial court erred as a matter of law in granting the appellee, Egal America's Best Home Inspection Services Co., Inc.'s motion to compel arbitration and to dismiss."
 {¶ 32} Appellant argues that the trial court erred when it granted Egal's motion to compel arbitration. More specifically, she argues that the trial court erred when it failed to hold a hearing regarding the motion to compel arbitration. We agree.
 {¶ 33} An appellate court reviews a trial court's ruling on a motion to compel arbitration under an abuse of discretion standard.Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" State v. Jenkins (1984), 15 Ohio St.3d 164, 222,150 OBR 311, 473 N.E.2d 264, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385, 94 N.W.2d 810. In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." Id.
 {¶ 34} Under R.C. 2711.03(A), "the party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition [the court] *Page 14 
* * * for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration * * *." Further, "if the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue." R.C. 2711.03(B).
 {¶ 35} Here, Egal filed a motion to compel arbitration. The court was required to conduct a hearing to determine the validity of the arbitration clause. Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, 800 N.E.2d 7. Further, parties should be afforded a hearing on the validity of an arbitration clause where unconscionability is raised as an objection to its enforceability. Bencivenni v.Dietz, Cuyahoga App. No. 88269, 2007-Ohio-637; Post v. ProcareAutomotive Serv. Solutions, Cuyahoga App. No. 87646, 2007-Ohio-2106.
 {¶ 36} A review of the record reveals that the trial court did not hold a hearing regarding the enforceability of the arbitration clause. Further, Egal has stipulated to a remand of the case so that the trial court can hold a hearing and make findings on the validity, enforceability, and scope of the arbitration agreement. Accordingly, because the trial court failed to have a hearing, we sustain appellant's assignment of error solely on that basis, without determining whether or not the arbitration clause was unconscionable. *Page 15 
 {¶ 37} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellees share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS;
 PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY. *Page 1