[Cite as *Reznik v. OH Canon Constr., L.L.C.* , 2019-Ohio-1350.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107339**

---

**KATHRYN LOGAN REZNIK**

PLAINTIFF-APPELLANT

vs.

**OH CANON CONSTRUCTION, L.L.C., ET AL**.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-18-892036

**BEFORE:** Kilbane, A.J., Celebrezze, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** April 11, 2019

**ATTORNEY FOR APPELLANT**

Daniel J. Myers
Myers Law, L.L.C.
600 East Granger Road, Second Floor
Cleveland, Ohio 44131


**ATTORNEYS FOR APPELLEES**

Jack Morrison
Richard P. Schroeter
Amer Cunningham Co., L.P.A.
One Cascade Plaza, Suite 1510
Akron, Ohio 44308

Jonathan M. Bryan
Bryan & Brewer, L.L.C.
355 E. Campus View Blvd., Suite 100
Columbus, Ohio 43235


MARY EILEEN KILBANE, A.J.:

{¶1} Plaintiff-appellant, Kathryn Logan Reznik ("Reznik"), appeals the trial court's decision granting defendants-appellees, OH Canon Construction, L.L.C., Canon Construction I, L.L.C., D.D. Exterior Enterprises, L.L.C., Todd Dewald, Donna Dewald, and Mike Kavak's (collectively referred to as "defendants") motion to stay and compel arbitration. For the reasons set forth below, we reverse and remand for a hearing.

{¶2} This appeal results from a contract Reznik signed with Canon Construction ("Canon") for roofing repairs to her home. A disagreement arose between Reznik and Canon regarding the performance of Canon's work. As a result, Reznik brought a seven-count

complaint against the defendants and the Ohio Casualty Insurance Company, defendants' surety.[1]

Reznik's amended complaint sought damages, injunctive relief, and declaratory judgment against the defendants, as well as damages against the surety based on defendants' violations of the Consumer Sales Practices Act ("CSPA").[2]

{¶3} The defendants responded by filing a motion to dismiss and/or stay and to compel arbitration. In their motion, defendants argued that the agreement with Reznik contained an arbitration clause providing that any claims arising out of the contract shall be decided by arbitration. The clause specifically provides:

> *ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTINGENCY CONTRACT, CONTRACT OR BREACH THEREOF, SHALL BE EXCLUSIVELY DECIDED AND SETTLED BY BINDING ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION BEFORE A SINGLE ARBITRATOR PURSUANT TO THE CONSTRUCTION INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND [JUDGMENT] ON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. THE PLACE OF ARBITRATION SHALL BE EXCLUSIVELY SUMMIT COUNTY U.S.A. EACH PARTY SHALL BEAR ITS OWN COSTS AND EXPENSES AND AN EQUAL SHARE OF THE ARBITRATORS AND ADMINISTRATIVE FEES OF ARBITRATION.*

(Emphasis sic.)

{¶4} Reznik opposed and also requested limited discovery as to the enforceability of the contract and clause, as well as a jury trial to determine the motion. Reznik argues the contract is ambiguous because it contains an arbitration provision and a disputes clause, which provides:

> The formation, interpretation and performance of this agreement shall be governed by the laws of the Commonwealth [sic] of Ohio. Disputes, claims and disagreements between the contractor and the Agent for Owner(s) in relation to

---

[1]Ohio Casualty filed an answer and cross-claim against some of the Canon defendants.

[2]Reznik's amended complaint removed Canon Construction, L.L.C. as a party because Reznik later determined that Canon Construction, L.L.C. is a distinct and unrelated entity from the defendants.

this Contract or breach shall be subject to legal proceedings in any court having jurisdiction over the matter. Failure to exercise any rights or remedies, as set forth in the Contract or by law shall not be construed as a waiver by the Contractor in regards to default, as set forth in Article A.

{¶5} Reznik maintains that this ambiguity must be resolved in her favor. She also argues that the arbitration provision is unenforceable and unconscionable because there was no meeting of the minds. Specifically, there was no mutual assent to who Reznik hired to perform the roofing work. Reznik claims the defendants do not know how to spell their name or identify themselves in the contract. She contends defendants refer to themselves as "Canon Construction," "Cannon Construction Corp.," and "Cannonconstruction.com." She contends that the actual company is one or more companies operating as "Canon Construction." She further claims that she did not agree to contract with unregistered, unlicensed contractors to perform work without a permit. As a result, she claims she was fraudulently induced into entering the agreement.

{¶6} Reznik also argues there was no mutual assent as to arbitration costs. In addition to procedural unconscionability, she argues the arbitration clause is substantively unconscionable. Lastly, she argues that the noncompany defendants (Todd Dewald, Donna Dewald, and Michael Kvak) are not parties to the arbitration agreement and are not referable to arbitration.

{¶7} The trial court granted defendants' motion to compel arbitration. The court stated: "[t]his matter is compelled to binding arbitration to be administered by the American Arbitration Association per the terms expressly stated in the subject contract."

{¶8} It is from this order, Reznik appeals, raising the following three assignments of error for review:

<u>Assignment of Error One</u>

The trial court committed reversible error when it granted [defendants'] motion to dismiss, motion to stay proceedings pending arbitration, or motion to compel arbitration.

### Assignment of Error Two

The trial court committed reversible error when it failed to allow limited discovery on the existence, validity, and enforceability of the arbitration clause before granting the motion to compel arbitration.

### Assignment of Error Three

The trial court committed reversible error when it failed to conduct a requested jury trial or in person hearing/trial to determine the motion to compel arbitration.

### Arbitration Clause, Discovery, and Hearing/Trial

{¶9} Reznik challenges the trial court's order compelling arbitration on three bases. In the first assignment of error, Reznik argues the arbitration clause in the contract is substantively unconscionable because of its loser-pay provision, oppressive costs, and its hidden nature in the contract. She also argues the clause is procedurally unconscionable because there was no meeting of the minds. Specifically, the arbitration clause was hidden on the reverse side of the contract, the terms of the arbitration clause are contradictory with the disputes provision of the contract, and the defendants engaged in fraudulent misrepresentation when they misrepresented their identity and that they were legally allowed to perform the work. In the second and third assignments of error, she argues the trial court should have allowed limited discovery and should have conducted a hearing or jury trial prior to ruling on the motion to compel.

{¶10} When reviewing a challenge to an arbitration clause, the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies in these circumstances,

such as a determination that a party has waived its right to arbitrate a given dispute. *Id.*, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103. However, the issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed_ under a de novo standard of review. *Id.* at ¶ 7-8, citing *Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.), and *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12. Under a de novo standard of review, we give no deference to a trial court's decision. *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001); *Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 9 (8th Dist.).

{¶11} We will discuss whether the trial court should have held a hearing as required by R.C. 2711.03 on defendants' motion to compel first, because it is dispositive.

{¶12} Chapter 2711 of the Ohio Revised Code authorizes direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 14. Under R.C. 2711.02(B),

> [i]f any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court * * * upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement[.]

{¶13} R.C. 2711.03(A) provides that a party

> may petition * * * for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and,

upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

**{¶14}** R.C. 2711.03(B) provides that

[i]f the making of the arbitration agreement or the failure to perform it is in issue * * *, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. * * * Upon the party's demand for a jury trial, the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions.

**{¶15}** In *Maestle*, the Ohio Supreme Court noted that a party may choose to move for a stay, petition for an order to compel arbitration, or seek both. *Id.* at ¶ 18. The *Maestle* court made it clear that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures that serve different purposes. *Id.* at ¶ 17.

**{¶16}** In the instant case, the defendants filed a motion to dismiss and/or stay and to compel arbitration. While they only cited to R.C. 2711.02 for the stay, it was additionally premised on R.C. 2711.03 because the defendants also asked the court to compel arbitration. Reznik opposed the motion, seeking limited discovery and a jury trial as required by R.C. 2711.03. When ruling on defendants' motion, the trial court specifically granted it only with respect to defendants compelling arbitration. The trial court did not stay the proceedings. The trial court can compel arbitration only under R.C. 2711.03. *Maestle* at ¶ 16.

**{¶17}** In *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist. Cuyahoga No. 88948, 2008-Ohio-1820, this court addressed the necessity of a hearing on a motion to compel arbitration under R.C. 2711.03. We stated:

In *Maestle*, the Ohio Supreme Court held that a trial court is not required to conduct a hearing when a party moves for a stay pursuant to R.C. 2711.02, but may stay proceedings "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *."

2003-Ohio-6465, at ¶ 18. _ _The high court reasoned, "the statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into a statute."  *Id.*_

Pursuant to R.C. 2711.03, however, where a party has filed a motion to compel arbitration, the court must, in a hearing, make a determination as to the validity of the arbitration clause. *Maestle* at ¶ 18._

As this court stated in *McDonough v. Thompson*, 8th Dist. No. 82222, 2003-Ohio-4655, we have consistently held that a hearing is mandatory on a motion to compel arbitration in order to determine the validity of the arbitration clause.  2003-Ohio-4655, at ¶ 11 (referencing several cases).  *See*, *also*, *Post v. Procare Automotive Serv. Solutions*, 8th Dist. No. 87646, 2007 Ohio 2106; *Benson v. Spitzer Mgt., Inc.*, 8th Dist. No. 83558, 2004-Ohio-4751; *Herman v. Ganley Chevrolet, Inc.*, 8th Dist. Nos. 81143 and 81272, 2002-Ohio-7251; *Olah v. Ganley Chevrolet, Inc.*, 8th Dist. No. 86132, 2006-Ohio-694; *Samoly v. Landry*, 8th Dist. No. 89060, 2007-Ohio-5707.  _

> In *McDonough* at ¶ 11-13, this court explained the statutory and procedural requirements under R.C. 2711.03:_
>
> R.C. 2711.03 clearly provides that when the validity of the arbitration clause is itself at issue the trial court is required to conduct a hearing to determine the legitimacy of the arbitration clause being challenged.
>
> * * *
>
> Even though R.C. 2711.03 does not necessarily require the trial court to conduct a trial, it must, nonetheless, proceed summarily to trial when it finds that the validity of the arbitration agreement is in issue and the party challenging it has sufficient evidence supporting its claim._
>
> "When determining whether a trial is necessary under R.C. 2711.03, _the relevant inquiry is whether a party has presented sufficient evidence challenging the validity or enforceability of the arbitration provision to require the trial court to proceed to trial before refusing to enforce the arbitration clause."  [*Garcia v. Wayne Homes, LLC*, 2d Dist. Clark. 2001 CA 53, 2002-Ohio-1884, ¶ 29.]

In *Molina v. Ponsky*, 8th Dist. No. 86057, 2005-Ohio-6349, this court stated "[i]n enforcing motions to compel arbitration under R.C. 2711.03, the trial court must engage in a two-step process.  First, the court is mandated to hold a hearing to determine whether the validity of the arbitration provision is in issue in the case at

hand.  Second, if the court finds this is an issue, 'it shall proceed summarily to the trial.'"  2005-Ohio-6349, at ¶ 13, quoting R.C. 2711.03(B); *see, also, Dunn v. L & M Bldg., Inc.* (Oct. 26, 2000), 8th Dist. No. 77399, 2000 Ohio App. LEXIS 4954, at 8.

*Id.* at ¶ 20-27.

{¶18} Here, the trial court did not hold a hearing on defendants' motion to compel arbitration, despite Reznik's request for limited discovery and a jury trial on the motion to compel, nor did it afford the parties an opportunity to conduct discovery and brief the issue of the validity of the arbitration clause.  The facts of this case warrant a hearing, especially when the defendants did not properly identify themselves to Reznik, the arbitration clause was on the backside of the contract, and the contract has conflicting provisions — the arbitration clause and the disputes clause.  The arbitration clause provides for arbitration as the method of claim resolution, whereas the disputes clause provides for claim resolution in a court of jurisdiction.  Defendants acknowledge this conflict in their appellate brief.  Defendants concede that the disputes "provision and the arbitration provision are inconsistent," the disputes provision is "inartfully crafted," and that "this is a close case."

{¶19} R.C. 2711.03 mandates that the trial court hold a hearing on a motion to compel.  In the instant case, there was no discovery or evidence before the trial court for it to adequately determine if the arbitration clause applies, even though there is a separate disputes provision stating that claims and disagreements shall be subject to legal proceedings in any court having jurisdiction over the matter.  Defendants acknowledge this inconsistency in the contract.  Since a hearing on the matter was mandatory and necessary, we remand this case so that the trial court may allow the parties to complete discovery and hold a hearing on the motion to compel.

{¶20} The second and third assignments of error are sustained.

**{¶21}** In the first assignment of error, Reznik argues the arbitration clause is unconscionable. Our disposition of the second and third assignments of error, however, renders this assignment of error moot. App.R. 12.

**{¶22}** Accordingly, judgment is reversed and the matter is remanded for a hearing on defendants' motion to compel.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR