JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, Spitzer Management, Inc., et al. ("Spitzer"), appeal from the trial court's ruling denying their Motion to Stay Proceedings and Compel Arbitration pursuant to the terms of two contracts entered into between the parties for the purchase of a new automobile. After reviewing the record and for the reasons set forth below, we reverse the decision of the trial court.
 {¶ 2} On November 11, 2000, Kimberly Benson purchased a 2000 Dodge Intrepid automobile from Spitzer Management, Inc., with approximately 6005 miles recorded on the odometer. Benson signed a Buyers Agreement to effectuate the sale of the automobile and a Retail Installment Agreement to finance the vehicle; both agreements contained arbitration provisions.
 {¶ 3} Over the next several months, Benson returned the vehicle to Spitzer in order to repair various damages she noticed to the interior and exterior of the vehicle. Spitzer repaired the damages without charge. Benson states that Spitzer informed her that the damages to the vehicle were caused by manufacturing defects and were therefore covered under the manufacturer's new car warranty. During this time, Benson became suspicious of Spitzer and started to investigate the history of the vehicle.
 {¶ 4} Through her investigation, Benson learned that the automobile she purchased had been a demonstration vehicle that was "car-jacked" from an employee of Spitzer. The automobile was eventually recovered by Spitzer, but had been significantly damaged by the "car-jackers." Spitzer claims it repaired all damages done to the vehicle, but did not have to disclose the damages to Benson because the repairs did not exceed six percent of the manufacturer's suggested retail price ("MSRP"). Benson claims the damages to the vehicle included, but were not limited to, damage to the carpeting, the left rear door panel, the driver's side door panel, the console, the rear bumper, the tires and tire rims, as well as cigarette burns to the interior.
 {¶ 5} Benson claims Spitzer was obligated to disclose the "car-jacking" and resulting damages to the vehicle. Benson argues Spitzer perpetrated a fraud by performing "minimal" repairs to the vehicle in order to keep the cost underneath the six percent damage disclosure provision and then completing the remainder of the needed repairs only after she had purchased the vehicle. Benson claims that, had Spitzer repaired the vehicle properly in the first instance, they would have had to disclose the damages because the total cost of repairs caused by the "car-jacking" far exceeded six percent of the vehicle's MSRP.
 {¶ 6} On May 7, 2002, Benson filed a complaint against Spitzer and its employees alleging: (1) violations of the Consumer Sales Practices Act, (2) violations of the Odometer Rollback and Disclosure Act, (3) violations of the Federal Motor Vehicles Information Cost Savings Act, (4) breach of express warranty, (5) fraud and fraudulent misrepresentation, (6) civil conspiracy, (7) violation of Ohio's Deceptive Trade Practices Act, (8) negligence, and (9) breach of contract.
 {¶ 7} On October 11, 2002, Spitzer filed a Motion to Stay/Motion to Compel Arbitration based on the arbitration provisions contained in both the Buyer's Agreement and Retail Installment Agreement. On November 21, 2002, Benson filed her motion in opposition alleging that the comprehensive arbitration provision found in the Retail Installment Agreement only applied to disputes arising out of the financing of the vehicle and, therefore, did not apply to her claims, which arose out of the purchase of the vehicle. Benson then argued the second arbitration provision found in the Buyer's Agreement, which applied to the purchase of the vehicle, was controlling on her claims; however, she further argued the second arbitration provision did not extend to actions filed in tort because it was not as comprehensive as the arbitration provision found in the Retail Installment Agreement, which specifically included tort actions.
 {¶ 8} On September 16, 2003, the trial court denied Spitzer's Motion to Stay/Motion to Compel Arbitration without opinion. The appellant filed this timely appeal alleging one assignment of error for review.
 {¶ 9} "The trial court erred and abused its discretion by failing to stay the proceedings below and order the case to arbitration where both the purchase contract and installment note entered into between the parties have valid and properly executed arbitration clauses."
 {¶ 10} Abuse of discretion is the standard we utilize when reviewing a trial court's decision to deny a motion to compel binding arbitration. Sikes v. Ganley Pontiac Honda, Inc. (Jan. 15, 2004), Cuyahoga App. No 82889; Harsco Corp. v. Crane CarrierCo. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040.
 {¶ 11} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoffv. Fairview General Hospital (1996), 75 Ohio St.3d 254.
 {¶ 12} In general, both federal and Ohio courts favor the settlement of disputes through arbitration. See ABM Farms, Inc.v. Woods (1998), 81 Ohio St.3d 498, 692 N.E.2d 574; Kelm v.Kelm (1993), 68 Ohio St.3d 26, 623 N.E.2d 39; Southland v.Keating (1984), 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1. There is a strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. Dunn v. L MBuilding (Oct. 26, 2000), Cuyahoga App. No. 77399; see, also,Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711,590 N.E.2d 1242.
 {¶ 13} However, there exist limited circumstances in which arbitration clauses will not be enforced. First, courts will not enforce an arbitration agreement when the arbitration clause is not applicable to the dispute or issues at hand, or if the parties did not agree to the clause in question. Ervin v.American Funding Corp. (1993), 89 Ohio App.3d 519,625 N.E.2d 635.
 {¶ 14} Second, an arbitration clause is not enforceable if it is found by the court to be unconscionable. Sutton v. LauraSalkin Bridal Fashions (Feb. 5, 1998), Cuyahoga App. No. 72107; see, also, Sikes, supra. A contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834, 621 N.E.2d 1294. To establish that a contract clause is unconscionable, the complaining party must demonstrate both substantive and procedural unconscionability. Id.
 {¶ 15} Substantive unconscionability pertains to the contract itself without any consideration of the individual contracting parties and addresses whether the contract terms were unfair or commercially unreasonable in the context of the transaction involved. Procedural unconscionability involves the specific circumstances surrounding the execution of the contract between the two parties to determine whether there was a "voluntary meeting of the minds." Factors the court should consider in making this determination include: the age, education, intelligence, business acumen and experience of the parties; the relative bargaining power of the parties; who drafted the contract; whether the contract terms were explained to the weaker party; whether alterations in preprinted contract forms were possible; and whether there were alternative sources of supply for the goods in question. Johnson v. Mobil Oil Corp. (1976)415 F.Supp. 264, 268.
 {¶ 16} Lastly, an arbitration clause will not be enforced if a party can show fraud in the inducement. In order for a party to defeat a motion to stay proceedings under R.C. 2711.02, or a motion to compel arbitration under R.C. 2711.03, by claiming fraudulent inducement, the party must demonstrate that thearbitration provision itself, and not merely the contract ingeneral, was fraudulently induced. (Emphasis added.) Smith v.Whitlatch Co. (2000), 137 Ohio App.3d 682, 739 N.E.2d 857; see, also, ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498,692 N.E.2d 574.
 {¶ 17} To show fraud in the inducement, a party must show that the other party made a knowing, material misrepresentation with the intent of inducing reliance, and, in fact, that the party did rely on the misrepresentation to his or her detriment.Dunn v. L M Building, supra; see, also, Beer v. Griffith
(1980), 61 Ohio St.2d 119, 123, 399 N.E.2d 1227.
 {¶ 18} In the instant matter, the appellants filed a joint motion to stay proceedings and compel arbitration because of two arbitration provisions contained in the Buyer's and Retail Installment agreements; both agreements were signed by the appellee. The appellants filed their motions pursuant to R.C.2711.02 and R.C. 2711.03 respectively. The trial court denied the appellants' joint motion without opinion and without holding a hearing.
 {¶ 19} By its terms, R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration. Maestle v. Best Buy Co. (2003),100 Ohio St.3d 330, 800 N.E.2d 7. A party seeking to enforce an arbitration provision may choose to move for a stay of proceedings under R.C.2711.02, or to petition for an order to compel the parties to proceed to arbitration under R.C. 2711.03, or to seek ordersunder both statutes. Id. A trial court need not conduct a hearing for a petition to stay proceedings under R.C. 2711.02. Id. However, if the moving party files a motion to compel arbitration pursuant to R.C. 2711.03, and a challenge is made by the opposing party pertaining to the validity of the arbitration provision, then the trial court must conduct a hearing to determine whether "the making of the agreement for arbitration or the failure to comply with the agreement is not in issue." R.C.2711.03 (A).
 {¶ 20} If the court determines that the validity of the arbitration provision is not in issue after hearing the parties, the court should stay the proceedings and compel arbitration. R.C. 2711.02 and R.C. 2711.03 respectively. However, if the court determines that the validity of the arbitration provision is in issue, the court should proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C.2711.03. Thereafter, the court should either grant appellant's motion to stay proceedings and compel arbitration, or deny the same, depending on the decision of the jury. R.C. 2711.03.
 {¶ 21} We find the trial court failed to hold a hearing to determine whether there was a legitimate challenge to the validity of the arbitration clause; therefore, we reverse and remand this cause to the trial court for the purpose of holding a hearing pursuant to R.C. 2711.03.
 {¶ 22} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Diane Karpinski, J., Concur.