[Cite as *Nour v. Shawar*, 2014-Ohio-3016.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Hassan Nour,                                    :

     Plaintiff-Appellant,               :            Nos.   13AP-1070
                                                            (C.P.C. No. 12CV-0026)
v.                                              :            and  13AP-1076
                                                            (C.P.C. No. 12CV-0906)
Jamal Shawar et al.,                            :

     Defendants-Appellees.              :            (ACCELERATED CALENDAR)

D E C I S I O N

Rendered on July 8, 2014

*Doucet & Associates Co., L.P.A.,* and *Troy J. Doucet,* for appellant.

APPEALS from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1}  Plaintiff-appellant, Hassan Nour ("Nour"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellees, Jamal Shawar[1] ("Shawar").  For the reasons that follow, we affirm the judgment of the trial court.

A. Facts and Procedural History

{¶ 2}  In January 2011, Nour sublet certain premises from Shawar for the purpose of opening a day-care facility.  The sublease agreement required Shawar to make certain improvements to the premises in order to accommodate the proposed day-care facility.  When Shawar did not make the necessary improvements to the leased premises, Nour, by and through Kids Zone Day Care Inc., filed suit against him in the Franklin County Court

---

[1] According to the original signed complaint filed on January 20, 2012, in case No. 12CV-0906, "Shawar" is the correct spelling, although throughout the proceedings in the trial court, and in sublease documents, defendant's name is also spelled as "Shiwar."

of Common Pleas seeking damages for breach of contract.[2] Shawar subsequently commenced a separate action for damages against Nour for the non-payment of rent.[3] On January 7, 2012, the trial court consolidated the two cases for a jury trial. The jury returned a verdict in Nour's favor on the contract claim in the amount of $80,000; Shawar received nothing on his claim.

{¶ 3} Thereafter, Nour moved the trial court for an award of attorney fees pursuant to the "fee-shifting" provision in the sublease. (Appellant's brief, 8.) On April 29, 2013, a magistrate held an evidentiary hearing on the motion and, on May 6, 2013, the magistrate recommended the trial court deny Nour's motion. Although the magistrate found that the attorney fees requested by Nour were both reasonable and necessary in the prosecution of the case, the magistrate concluded that the indemnity provision in the sublease did not obligate Shawar to indemnify Nour for his attorney fees.

{¶ 4} On August 30, 2013, the trial court issued a judgment entry overruling Nour's objection and adopting the magistrate's decision. Nour filed a timely notice of appeal to this court.[4]

## B. Assignments of Error

{¶ 5} Appellant assigns the following error for our review:

> The trial court erred as a matter of law when it denied Nour's motion for attorney fees.

## C. Standard of Review

{¶ 6} The construction of a written contract is a matter of law for a trial court. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. "Because the 'interpretation of written contracts, including any assessment as to whether a contract is ambiguous, is a question of law,' it is subject to de novo review on appeal." *Sauer v. Crews*, 10th Dist. No. 12AP-320, 2012-Ohio-6257, ¶ 11, quoting *State v. Fed. Ins. Co.,* 10th Dist. No. 04AP-1350, 2005-Ohio-6807, ¶ 22.

## D. Legal Analysis

---

[2] Franklin C.P. No. 12CV-0026
[3] Franklin C.P. No. 12CV-0906
[4] The trial court did not issue a final appealable order in this case until December 17, 2013, when it adopted the magistrate's "supplemental" decision denying appellant's February 15, 2013 motion for judgment notwithstanding the verdict.

{¶ 7}   The objective of any judicial examination of a written instrument is to ascertain and give effect to the intent of the parties. *N. Coast Premier Soccer, L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. No. 12AP-589, 2013-Ohio-1677, ¶ 13; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). " 'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' " *Id.* quoting *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.

{¶ 8}   Section 11 of the sublease entitled "Indemnifications" contains the following two provisions:

> 11.1 <u>Indemnification by Nour</u>. Nour must indemnify, defend, and hold Shiwar harmless against and from all claims, expenses, liabilities, and causes of action arising from * * * (iv) any breach by Nour or any of its agents, contractors, employees, or licensees of any covenant or agreement of this Sublease on the part of Nour to be performed or observed * * *. *Nour further agrees to indemnify, defend, and hold Shiwar harmless from and against all* direct and actual costs, damages, expenses, losses, fines, liabilities, and *reasonable counsel fees paid, suffered, or incurred as a result of any of the above described claims or any actions or proceedings brought thereon*[.]
>
> 11.2 <u>Indemnification by Shiwar.</u>  Shiwar must indemnify, defend, and hold Nour Harmless against and from all claims, expenses, liabilities, and causes of action arising from * * * (iv) the breach by Shiwar or any of its agents, contractors, employees, or licensees of any covenant or agreement of this Sublease on the part of Shiwar to be performed or observed[.]

(Emphasis added.)

{¶ 9}   "Contract provisions which provide indemnification for attorney fees are subject to the ordinary rules of contract construction." *Continental Tire N. Am. v. Titan Tire Corp.*, 6th Dist. No. WM-09-010, 2010-Ohio-1355, ¶ 47. "As with most contracts of indemnity, such provisions are to be strictly construed and ' * * * certainly given no greater scope than the language of the agreement clearly and unequivocally expresses.' " *Id.,* quoting *Palmer v. Pheils*, 6th Dist. No. WD-01-010, 2002-Ohio-3422, ¶ 39; "An

agreement to indemnify another party for qualified legal expenses should be 'express.' " *Id.* citing *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238 (1987), syllabus.

{¶ 10} In this case, Section 11.1 sets forth the circumstances under which Nour must indemnify Shawar and Section 11.2 sets forth the circumstances under which Shawar must indemnify Nour. Nour contends that the dispositive issue in this case is the meaning of the phrase "all claims, expenses, liabilities, and causes of action arising from * * * the breach by Shiwar." According to Nour, such language is broad enough to include indemnity for attorney fees he incurred in the successful prosecution of the underlying case against Shawar. We disagree.

{¶ 11} As noted above, there are two indemnity provisions in the sublease. The single sentence in Section 11.2, pertaining to Nour's right of indemnification against Shawar, corresponds to the first sentence of Section 11.1 regarding Shawar's right of indemnification. However, Section 11.1 contains a second sentence which specifically requires Nour to indemnify Shawar for "reasonable counsel fees." The second sentence begins with the phrase "Nour further agrees to indemnify * * * Shiwar," which clearly expresses the intention that Shawar's right of indemnification for "counsel fees" is *in addition to* Shawar's right of indemnification under the first sentence of Section 11.1. Section 11.2 does not contain a second sentence regarding counsel fees. The clear implication of such an omission is that Nour's right of indemnification from Shawar is more limited than Shawar's right of indemnification from Nour.

{¶ 12} In the *Continental Tire* case, the Sixth District Court of Appeals was faced with a similar issue to the one presented herein. The asset purchase agreement in that case specifically provided, at Section 7.1, that purchaser agreed to indemnify seller for "any claim, liability, expense, loss or other damage (including reasonable attorney fees and expenses)." In Section 7.2 of the agreement seller agreed to indemnify purchaser "against any claim" and "the reasonable costs and expenses related to enforcement of the indemnification rights." In reversing the trial court's award of attorney fees to purchaser, the court of appeals stated:

> A rule of construction appears applicable: "expressio unius est exclusio alterius, or the expression of one thing implies the exclusion of another thing * * *." *Cincinnati v. Cincinnati Reds* (1984), 19 Ohio App.3d 227, 230, 483 N.E.2d 1181.

> Section 7.1 demonstrates that the drafters of this contract knew how to include language that would include attorney fees within "Claims" subject to indemnification with respect to the seller. The absence of such language in a parallel provision relating to purchaser indemnification exhibits an intention that a reciprocal obligation does not exist.

*Id.* at ¶ 54.

{¶ 13} The parties in this case knew how to draft an indemnification provision that included recovery of "reasonable counsel fees." The parties expressly provided that Shawar could recover such fees from Nour when they added a second sentence to section 11.1. Under *Continental Tire,* the omission from Section 11.2 of the second sentence regarding counsel fees must mean that Nour is not entitled to indemnification for such fees. When we consider the two indemnification provisions in the sublease together, the only reasonable interpretation of Section 11.2 is that Nour does not have the right of indemnity for "reasonable counsel fees." Had the parties so intended, they would have added a second sentence to Section 11.2.

{¶ 14} Nour asks this court to interpret the language of Section 11.2 in isolation and to determine the scope of his right to indemnification without reference to the corresponding indemnity provision in Section 11.1. However, this court has emphatically stated that "contracts must be read as a whole, and individual provisions must not be read in isolation." *Bank of New York Mellon v. Rankin*, 10th Dist. No. 12AP-808, 2013-Ohio-2774, ¶ 31, citing *Heritage Mut. Ins. Co. v. Ricart Ford, Inc.*, 105 Ohio App.3d 261, 265 (10th Dist.1995). If the parties intended the phrase "all claims, expenses, liabilities, and causes of action arising from * * * (iv) the breach by Shiwar" to include indemnity for "counsel fees," as Nour contends, then there would have been no reason for the parties to add a second sentence to Section 11.1. In other words, if we adopt Nour's construction of Section 11.2, the second sentence of Section 11.1 is meaningless. " '[I]n contract construction, the court should give effect to every provision within the contract, if possible, and if one construction of a doubtful condition would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must prevail.' " *Id.*, quoting *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis,* 10th Dist. No. 09AP-06, 2009-Ohio-5671, ¶ 24; *Foster*

*Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361-62 (1997). The only reasonable construction of the sublease that gives meaning to the second sentence of Section 11.1 is a construction that precludes indemnification for Nour's attorney fees. For this reason, the cases cited by appellant are clearly distinguishable.[5]

{¶ 15} For Nour's alternative argument, based upon the doctrine of contra proferentum, he asks us to construe this ambiguous contract provision "most strongly against the party who prepared it." *Franck v. Railway Exp. Agency*, 159 Ohio St. 343, 345-46 (1953). However, as stated above, the only reasonable interpretation of the sublease is that the parties' did not intend Nour to have the right of indemnity for counsel fees. Absent an ambiguity in the relevant contractual language, the rule of construction advocated by Nour does not apply. *Id. See also G.F. Business Equip., Inc. v. Liston*, 7 Ohio App.3d 223, 224 (10th Dist.1982); *Michael A. Gerard, Inc. v. Haffke,* 8th Dist. No. 98488, 2013-Ohio-168, ¶ 14.

{¶ 16} "If the contract terms are clear and precise, the contract is not ambiguous and must be enforced as written." *KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.,* 10th Dist. No. 11AP-920, 2013-Ohio-1243, ¶ 27. Here, the indemnity provision in the sublease leaves no doubt as to the intention of the parties regarding Nour's right to recover attorney fees. Although Nour is expressly entitled to indemnification from Shawar "for claims, expenses, liabilities, and causes of action" arising from any breach by Shawar, Nour does not have a right of indemnification for "reasonable counsel fees" because such a right is expressly granted only to Shawar. This much is clear from the plain language in the sublease.

{¶ 17} For the foregoing reasons, we hold that the trial court did not err when denied Nour's motion for attorney fees. Accordingly, Nour's sole assignment of error is overruled.

---

[5] *See Auber v. Marc Glassman,* 8th Dist. No. 80283, 2002-Ohio-2749 (The parties use of phrases such as indemnification for "costs and expenses" and "any and all damages, costs and/or expenses" are sufficient to include indemnification for attorney fees); *Norfolk Southern v. Toledo Edison*, 6th Dist. No. L-06-1268, 2008-Ohio-1572 (Indemnification agreement providing that utility was to indemnify carrier against "all cost and expense," is broad enough to encompass an award of attorney fees to carrier).

**E. Conclusion**

{¶ 18} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.