[Cite as *Costin v. Midwest Vision Partners, L.L.C.*, 2024-Ohio-463.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

BRYAN COSTIN,                                    :

    Plaintiff-Appellee,                 :

                                                         No. 112651

    v.                                            :

MIDWEST VISION
PARTNERS, L.L.C., ET AL.              :

    Defendants-Appellants.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 8, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974946

---

## *Appearances:*

Dennis M. O'Toole; Patterson Law Firm, LLC and Kristi L. Browne, pro hac vice, *for appellee*.

ZASHIN & RICH CO., L.P.A., Natalie M. Stevens, and Lauren M. Drabic, *for appellants* Northern Ohio Eye Consultants, Inc., d.b.a. Cleveland Eye Clinic, Midwest Vision Partners Management, LLC, Midwest Vision Partners Holdco, LLC, and Accomodative Surgery Center, LLC.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendants-appellants, Midwest Vision Partners Management, L.L.C., Midwest Vision Partners Holdings, L.L.C., Midwest Vision Partners Holdco, L.L.C. (together "Midwest Vision"), Northern Ohio Eye Consultants, Inc. d.b.a. Cleveland Eye Clinic ("Cleveland Eye Clinic"), and Accomodative Surgery Center, L.L.C. ("ASC") (collectively "appellants") appeal from the trial court's judgment denying their motion to compel arbitration, motion to stay proceedings, and motion to stay discovery. Appellants raise the following assignment of error for review:

> The trial court erred in denying defendants-appellants' motion to compel arbitration, motion to stay proceedings, and motion to stay discovery pending resolution of these motions despite the existence of a valid and enforceable arbitration clause in the agreement on which plaintiff-appellee had based his claims, and by failing to hold a R.C. 2711.03(A) evidentiary hearing, and by failing to summarily proceed to a jury trial on the arbitrability issue as required by R.C. 2711.03(B).

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} Plaintiff-appellee, Bryan Costin, M.D. ("Dr. Costin"), is a board-certified oculoplastic surgeon. On September 13, 2017, Dr. Costin entered into an Employment Agreement with defendant-appellant, Cleveland Eye Clinic. The Employment Agreement set forth the terms and conditions of Dr. Costin's employment. Regarding Dr. Costin's compensation, Cleveland Eye Clinic agreed to pay Dr. Costin (1) an annual base salary of $300,000, (2) a production of compensation bonus of 25 percent of collections exceeding the amount of $500,000,

(3) an optical sales bonus of 10 percent of Dr. Costin's "optical gross profits," (4) a full reimbursement of collected insurance and/or cash payments for after-hours services, and (5) a 25 percent share of annual profits for certain oculoplastic services. (Agreement, schedule A, sec. 1.) The Employment Agreement further authorized Dr. Costin or his representative to "audit the accuracy of the actual collections for professional services for which [Dr. Costin] provided."

{¶ 4} Relevant to this appeal, Section 16 of the Employment Agreement contained an arbitration provision, stating:

> 16.1 Other than issues or disputes relating to or arising out of Section 5 above, unresolved issues of disagreement between the parties will initially be brought to a mutually-agreeable independent third party for informal mediation.
>
> 16.2. Other than issues or disputes relating to or arising out of Section 5 above, any controversy or claim arising out of or relating to this Agreement or any breach thereof that is not resolved pursuant to Subsection 16.1 above, will be settled by arbitration in Cuyahoga County, Ohio, in accordance with Rules of Arbitration of the American Health Lawyer's Association ("AHLA"). Such arbitration may be commenced by one party notifying the other and also the AHLA that such party intends to seek arbitration. The decision of the AHLA will be final and binding upon all parties hereto. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The expenses of arbitration will be borne equally by the parties. Issues or disputes arising out of Section 5 may be arbitrated at Employer's sole discretion, such decision being binding upon the Employee.

{¶ 5} At some point during Dr. Costin's employment, Cleveland Eye Clinic was acquired by Midwest Vision. Cleveland Eye Clinic continued doing business under its designated name, and Dr. Costin was assured that "his Employment

Agreement terms would remain the same under Midwest Vision's ownership." (Complaint at ¶ 44-45.)

{¶ 6} On June 7, 2021, Dr. Costin was notified that his employment would be terminated at the conclusion of a notice period. On August 19, 2021, Dr. Costin entered into an amended employment agreement with Cleveland Eye Clinic ("the Amended Agreement"). The Amended Agreement provided, in pertinent part:

> 2. Employee's employment shall terminate effective September 30, 2021 (the "Termination Date"). *Neither Employee or Employer shall have any further obligation under the Employment Agreement effective as of the Termination Date; provided that, notwithstanding the foregoing, Sections 5,[1] 7.2(b),[2] 9.1[3] (it being agreed the Employment Agreement was terminated by Employer), 10,[4] 11,[5] and 17[6] shall survive the termination of the Employment Agreement and remain in full force and effect.*

(Emphasis added.) Ultimately, disagreements concerning the amount of compensation owed to Dr. Costin arose following his termination date.

{¶ 7} On February 8, 2023, Dr. Costin filed a civil complaint against defendants-appellants in Cuyahoga C.P. No. CV-23-974946.[7] The complaint set

---

[1] Titled "Restrictive Covenants."

[2] Titled "Professional Liability Insurance."

[3] Titled "Termination."

[4] Titled "Employer Documents and Other Property."

[5] Titled "Breach of Confidentiality."

[6] Titled "Indemnification."

[7] The complaint also names Midwest Vision Partners, L.L.C., and Midwest Vision Partners Holdings, L.L.C. as party defendants. However, these entities are not named appellants in this appeal. According to the appellants, "these entities are not actually

forth claims for breach of contract, unjust enrichment, and accounting. Specifically, Dr. Costin asserted that the defendants "breached the Amendment to the Employment Agreement by failing to pay [Dr. Costin] all the amounts he is owed within 30 days of termination and to date they still have not paid all amounts owed." Alternatively, Dr. Costin alleged that Midwest Vision and ASC unjustly collected and retained the benefits of his medical services without paying him pursuant to the terms of the original Employment Agreement. Finally, Dr. Costin sought an order requiring the defendants to "provide a complete accounting of the revenues received and costs incurred during [his] employment that are related to services he provided and for such other and further relief as the court deems appropriate."

{¶ 8} On March 13, 2023, appellants filed a "motion to compel arbitration, motion to stay proceedings, and motion to stay discovery pending resolution of these motions." Relying on section 16 of the original Employment Agreement, appellants argued that Dr. Costin "unequivocally agreed to submit any and all disputes regarding his compensation and benefits to mediation and, if unresolved through mediation, to final and binding arbitration." Appellant's motion included a jury demand, stating:

> Should the court determine after hearing from the parties under R.C. 2711.03(A) that an issue may exist as to the validity and enforceability of the arbitration agreement, then defendants request a jury trial on the validity and enforceability issues in accordance with R.C. 2711.03(B), requesting the trial court to summarily proceed to trial and submit the

---

related to the represented defendants-appellants and the represented defendants-appellants do not believe they bear any relationship to Costin's employment."

validity and enforceability issues to a jury for disposition in accordance with R.C. 2711.03(B).

{¶ 9} On March 27, 2023, Dr. Costin filed a brief in opposition, arguing that the parties carefully negotiated an amendment to the original Employment Agreement that expressly identified the provisions of the original agreement that would survive the termination date set forth therein. According to Dr. Costin, "the arbitration provision of the original Employment Agreement, section 16, did not survive the amendment to that agreement" because it was not identified as one of the provisions that would remain in full force and effect following the termination date. Alternatively, Dr. Costin argued that Midwest Vision and ASC could not compel arbitration because they were neither parties to, nor intended beneficiaries of, the Employment Agreement.

{¶ 10} On April 11, 2023, the trial court's denied appellants' motions, stating, in relevant part:

> [Dr. Costin] filed suit to collect what he alleges are unpaid compensation bonuses under his employment contract with Northern Ohio Eye Consultants. At the termination of [Dr. Costin's] employment, on August 21, 2021, Northern Ohio Eye Consultants specifically invalidated the mandatory arbitration clause contained within [Dr. Costin's] employment contract through a written amendment to the contract. The remaining clauses specifically enumerated in this amendment are the only ones that can be newly enforced after that date, and do not include the arbitration clause. This contract amendment, however, does not relieve Northern Ohio Eye Consultants (or its successor(s)) of their obligations to [Dr. Costin] that arose while the employment contract was still in effect and were never fulfilled.

{¶ 11} Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

{¶ 12} In the sole assignment of error, appellants argue the trial court erred in denying its motion to compel arbitration, motion to stay proceedings, and motion to stay discovery despite a mandatory arbitration clause contained in the Employment Agreement. Appellants contend that the arbitration clause is valid and enforceable because the claims set forth in Dr. Costin's complaint stem from the original Employment Agreement.

### 1. Standard of Review

{¶ 13} Generally, an appellate court reviews a trial court's decision to grant or deny a motion to compel arbitration or stay the proceedings under the abuse of discretion standard. *U.S. Bank, N.A. v. Wilkens*, 8th Dist. Cuyahoga No. 96617, 2012-Ohio-263, ¶ 13; *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 8. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 14} Nevertheless, a trial court's decision granting or denying a motion to compel arbitration or a motion to stay are subject to de novo review on appeal because such cases generally turn on issues of contractual interpretation. *McFarren v. Emeritus at Canton*, 2013-Ohio-3900, 997 N.E.2d 1254, ¶ 13 (5th Dist.); *Hudson*

*v. John Hancock Fin. Servs.*, 10th Dist. Franklin No. 06AP-1284, 2007-Ohio-6997, ¶ 8; *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7.

### 2. R.C. 2711.02 and 2711.03

{¶ 15} Ohio has a strong public policy favoring arbitration of disputes, and there is a presumption favoring arbitration that arises when the dispute falls within the scope of an arbitration provision. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 25-27. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Sebold v. Latina Design Build Group, L.L.C.*, 2021-Ohio-124, 166 N.E.3d 688, ¶ 10 (8th Dist.), citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We note, however, that "parties cannot be compelled to arbitrate a dispute in which they have not agreed to submit to arbitration." *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist. Cuyahoga No. 88948, 2008-Ohio-1820, ¶ 15, citing *Piqua v. Ohio Farmers Ins. Co.*, 84 Ohio App.3d 619, 621, 617 N.E.2d 780 (2d Dist.1992); *St. Vincent Charity Hosp. v. URS Consultants, Inc.*, 111 Ohio App.3d 791, 793, 677 N.E.2d 381 (8th Dist.1996); *Shumaker v. Saks, Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.).

{¶ 16} Ohio's policy of encouraging arbitration has been declared by the legislature through the Ohio Arbitration Act — R.C. Chapter 2711. *Goodwin v. Ganley, Inc.*, 8th Dist. Cuyahoga No. 89732, 2007-Ohio-6327, ¶ 8. The Ohio

Arbitration Act allows for direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03 or indirect enforcement through an order staying proceedings under R.C. 2711.02, or both. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 18; *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 11. Although these provisions each require a trial court to determine whether an arbitration provision is enforceable, they are separate and distinct procedures.

{¶ 17} R.C. 2711.02 permits the trial court, upon application of one of the parties, to stay litigation in favor of arbitration pursuant to a written arbitration agreement. The statute provides as follows:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Thus, R.C. 2711.02 requires a trial court to stay an action

> on application of one of the parties if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration[;] (2) the court is satisfied the issue is referable to arbitration under the written agreement[;] and (3) the applicant is not in default in proceeding with arbitration.

*Fields v. Herrnstein Chrysler, Inc.*, 4th Dist. Pike No. 12CA827, 2013-Ohio-693, ¶ 14.

{¶ 18} In turn, R.C. 2711.03, titled "Enforcing arbitration agreement," governs petitions to compel arbitration. The statute provides, in relevant part:

(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue.

{¶ 19} In *Maestle*, the Ohio Supreme Court held that a trial court is not required to conduct a hearing when a party moves for a stay pursuant to R.C. 2711.02, but may stay proceedings "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *." *Id.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, at ¶ 18. The high court reasoned, "the statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into a statute." *Id.*

{¶ 20} In contrast, however, where a party has filed a motion to compel arbitration pursuant to R.C. 2711.03, "the court must, in a hearing, make a determination as to the validity of the arbitration clause." *Marks*, 8th Dist. Cuyahoga No. 88948, 2008-Ohio-1820, at ¶ 21, citing *Maestle* at ¶ 18. Applying the foregoing principle, this court has consistently held that "a hearing is mandatory on a motion to compel arbitration in order to determine the validity of the arbitration clause." *Id.* at ¶ 22, citing *McDonough v. Thompson*, 8th Dist. Cuyahoga No. 82222,

2003-Ohio-4655, ¶ 11. *See also Post v. Procare Automotive Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106; *Benson v. Spitzer Mgt., Inc.*, 8th Dist. Cuyahoga No. 83558, 2004-Ohio-4751; *Herman v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga Nos. 81143 and 81272, 2002-Ohio-7251; *Olah v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 86132, 2006-Ohio-694; *Samoly v. Landry*, 8th Dist. Cuyahoga No. 89060, 2007-Ohio-5707.

{¶ 21} A "hearing," however, does not necessarily require an oral evidentiary hearing as appellants' suggest on appeal. "[A] 'hearing' means any confrontation, oral or otherwise, between an affected individual [and a decisionmaker] sufficient to allow the individual to present the case in a meaningful manner. Hearings may take many forms, including a 'formal,' trial-type proceeding, an 'informal discuss(ion)' * * *, or a 'paper hearing,' without any opportunity for oral exchange." *Liese v. Kent State Univ.*, 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322, fn.6, quoting *Gray Panthers v. Schweiker*, 209 U.S. App. D.C. 153, 652 F.2d 146, fn.3 (C.A.D.C., 1980). *See also Nemec v. Morledge*, 8th Dist. Cuyahoga No. 110149, 2021-Ohio-3361, ¶ 18.

{¶ 22} In this case, both parties allowed themselves to be heard on the arbitration issue without requesting an evidentiary hearing under R.C. 2711.03(A). The relevant issues were debated in opposing briefs, and the disputed contracts were submitted to the court for review. Under these circumstances, we find the trial court "heard" the parties as contemplated under R.C. 2711.03(A) and was capable of assessing the evidence and legal arguments supporting the parties' competing

interpretations of the relevant agreements. Consequently, the trial court did not abuse its discretion in denying the motion to compel without an evidentiary hearing. *See Nemec* at ¶ 19, citing *Marks* at ¶ 33; *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, ¶ 29 (5th Dist.) ("While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request."), citing *Cross v. Carnes*, 132 Ohio App.3d 157, 166, 724 N.E.2d 828 (11th Dist.1998), and *Chrysler Fin. Servs., Ams., L.L.C. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813, ¶ 20 (where parties did not specifically request an oral or evidentiary hearing on a motion to compel arbitration, the trial court acted properly in "hearing" the matter upon a non-oral hearing).

{¶ 23} Appellants nevertheless argue that pursuant to R.C. 2711.03(B), the trial court committed reversible error by denying its request for the court to proceed summarily to a jury trial where "the making of the arbitration agreement or the failure to perform it is in issue."

{¶ 24} "When determining whether a trial is necessary under R.C. 2711.03(B), the relevant inquiry is whether a party has presented sufficient evidence challenging the validity or enforceability of the arbitration provision to require the trial court to proceed to trial before refusing to enforce the arbitration clause.'" *McDonough,* 8th Dist. Cuyahoga No. 82222, 2003-Ohio-4655, at ¶ 13, quoting *Garcia v. Wayne Homes, L.L.C.*, 2d Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, ¶ 29. The Ohio Revised Code does not set forth the amount of evidence that must

be produced to receive a trial under R.C. 2711.03. However, "courts are directed to address the matter as they would a summary judgment exercise, proceeding to trial where the party moving for the jury trial sets forth specific facts demonstrating that a genuine issue of material fact exists regarding the validity or enforceability of the arbitration agreement." *Garcia* at ¶ 30. We have explained that a trial on the issue is "required" because a question of fact exists that can only be resolved by such a proceeding. *Schroeder v. Shearson, Lehman & Hutton, Inc.*, 8th Dist. Cuyahoga No. 60236, 1991 Ohio App. LEXIS 1826, *6 (Apr. 25, 1991).

{¶ 25} With the foregoing principles in mind, we find the relevant inquiry before this court is (1) whether there remain genuine issues of material fact regarding the validity or enforceability of the arbitration agreement, and, if no issues of fact remain, (2) whether the arbitration provision was enforceable as a matter of law.

### 3. Enforceability of Arbitration Provision in the Original Employment Agreement

{¶ 26} As mentioned above, we apply a de novo standard of review to questions of law, including whether a party has agreed to submit an issue to arbitration or questions of unconscionability. *Paulozzi v. Parkview Custom Homes*, *L.L.C.*, 2018-Ohio-4425, 122 N.E.3d 643, ¶ 12 (8th Dist.), citing *Brownlee*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212; *N. Park Retirement Community Ctr., Inc. v. Sovran Cos., Ltd.*, 8th Dist. Cuyahoga No. 96376, 2011-Ohio-5179. Under a de novo

standard of review, we give no deference to the trial court's decision. *Brownlee* at ¶ 9.

{¶ 27} In construing the validity or enforceability of an arbitration provision, we are mindful that whether a party has agreed to arbitration is a matter of contract. *Maestle v. Best Buy Co.,* 8th Dist. Cuyahoga No. 79827, 2005-Ohio-4120, ¶ 10, citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Palumbo v. Select Mgt. Holdings, Inc.*, 8th Dist. Cuyahoga No. 82900, 2003-Ohio-6045, ¶ 18. Thus, when deciding whether a party has agreed to arbitrate, courts should apply ordinary principles that govern the formation of contracts. *Seyfried v. O'Brien,* 2017-Ohio-286, 81 N.E.3d 961, ¶ 19 (8th Dist.), citing *First Options* at 944; *Roberts v. KND Dev. 51, L.L.C.,* 8th Dist. Cuyahoga No. 108473, 2020-Ohio-4986, ¶ 10, citing *Avery v. Academy Invests., L.L.C.*, 8th Dist. Cuyahoga No. 107550, 2019-Ohio-3509, ¶ 9.

{¶ 28} "'A valid arbitration agreement, like any contract, requires an offer and acceptance that is supported by consideration and is premised on the parties' meeting of the minds as to the essential terms of the agreement.'" *Rousseau v. Setjo, L.L.C.*, 8th Dist. Cuyahoga No. 109237, 2020-Ohio-5002, ¶ 8, quoting *Corl v. Thomas & King*, 10th Dist. Franklin No. 05AP-1128, 2006-Ohio-2956, ¶ 8. "'The party seeking to compel arbitration bears the burden of establishing the existence of an enforceable arbitration agreement [with] the party against whom the moving party seeks enforcement.'" *Dorgham v. Woods Cove III*, 8th Dist. Cuyahoga

No. 106838, 2018-Ohio-4876, ¶ 16, quoting *Fifth Third Bank v. Senvisky*, 8th Dist. Cuyahoga No. 100030, 2014-Ohio-1233, ¶ 11.

{¶ 29} In this case, the parties do not dispute that the arbitration provision included in the original Employment Agreement was valid and fully enforceable during Dr. Costin's employment with Cleveland Eye Clinic. Dr. Costin argues, however, that the arbitration provision contained in the original agreement was "explicitly disclaimed" by the negotiated terms of the Amended Employment Agreement executed on August 19, 2021. Dr. Costin summarizes his position as follows:

> The language of the Amendment is unambiguous, "[n]either Employee nor Employer shall have any further obligation under the Employment Agreement effective as of the termination date." This paragraph can admit only one interpretation, that the parties "specifically invalidated the mandatory arbitration clause contained within Costin's employment contract," and that the "remaining clauses specifically enumerated in this Amendment are the only ones that can be newly enforced after August 21, 2021, and do not include the arbitration clause."

> The parties to the Amendment took pains to make sure certain provisions of the Employment Agreement survived[.] * * * Notably absent from this list of provisions that "shall survive the termination of the Employment Agreement and remain in full force and effect" is Section 16 (Mediation/Arbitration). If they had intended to preserve the arbitration provision they could have, but they did not.

{¶ 30} Appellants counter that the arbitration provision contained in the original Employment Agreement is still valid and enforceable, stating:

> Costin's own complaint establishes that an agreement to arbitrate exists – it is attached as Exhibit 1 to the complaint and found in Section 16. All the claims asserted by Costin are derived and based on the Employment Agreement containing the arbitration agreement and, therefore, are arbitrable.

&ast; &ast; &ast;

No basis in fact exists to disregard the clear and unambiguous contractual requirement in Section 16.2 to submit all of Dr. Costin's claims derived from the compensation provision therein to final and binding arbitration through the AHLA[.]

{¶ 31} Appellants further reiterate their position that the court committed reversible error by "issuing its order without conducting a jury trial on the arbitrability issue as required by R.C. 2711.03(B), despite appellants['] request for the same."

{¶ 32} It is well settled that a written contract may be modified or amended by the express agreement of the parties to it either in writing or by acts of the parties which evince a meeting of their minds in agreement to modify its terms upon any particular point. *Bank One Trust Co. v. Wigner*, 10th Dist. Franklin No. 87AP-329, 1988 Ohio App. LEXIS 2211 (June 9, 1988), citing *Hotchner v. Neon Prods., Inc.*, 163 F.2d 672 (6th Cir.1947). "A contract cannot be unilaterally modified, and parties to a contract must mutually consent to a modification." *Hanna v. Groom*, 10th Dist. Franklin No. 07AP-502, 2008-Ohio-765, ¶ 27. Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding intent not expressed in the clear language employed by the parties. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

{¶ 33} Preliminarily, we find no merit to appellants' position that the trial court erred by failing to hold a trial pursuant to R.C. 2711.03(B). Although appellants included a jury demand in their motion to compel, there remained no unresolved issues of material fact before the trial court. Rather, the court's judgment relied exclusively on its interpretation of the relevant employment contract and the amendment executed by the parties during Costin's term of employment with Cleveland Eye Center. *See Nour v. Shawar,* 10th Dist. Franklin No. 13AP-1070, 2014-Ohio-3016, ¶ 6 ("The construction of a written contract is a matter of law for a trial court."), citing *Alexander* at paragraph one of the syllabus. Because appellants failed to demonstrate that a genuine issue of material fact existed regarding the validity or enforceability of the arbitration agreement, we find the trial court was permitted to issue a decision on the contested issues of law without conducting a trial pursuant to R.C. 2711.03(B). *Liese,* 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322, at ¶ 39 ("[O]nly a party which raises a material issue of fact as to whether there was an enforceable and applicable arbitration provision is entitled to an actual trial."); *Haight v. Cheap Escape Co.,* 2d Dist. Montgomery No. 25345, 2013-Ohio-182, ¶ 29 ("After 'hearing' the parties pursuant to R.C. 2711.03(A), the trial court specifically found that appellees' claims were not subject to the terms of the arbitration agreement. Accordingly, the trial court was not required to further consider any additional arguments [at a trial under R.C. 2711.03(B)].").

{¶ 34} We are equally unpersuaded by appellants' limited interpretation of the Amended Agreement. Viewing the express terms of the written agreements in

their entirety, we find the parties mutually agreed to modify the terms of the original agreement such that certain provisions of the Employment Agreement would remain in full force and effect following the designated termination date, while all other provisions would expire. Whether the terms of the modified agreement will limit or otherwise impair Dr. Costin's ability to prove his claims below is not presently before this court.[8] Nevertheless, as it relates to the existence of an enforceable arbitration provision, the Amended Agreement unambiguously alters the scope of the parties' mutual rights and responsibilities following the designated termination date, including the manner in which any claim or dispute would be resolved post termination. Specifically, the arbitration provision contained in the original Employment Agreement was not incorporated into the Amended Agreement and, therefore, expired as of September 30, 2021. Viewing the unambiguous terms of the modified agreement, we find the decision to exclude the arbitration provision from the Amended Agreement was intentional and is binding moving forward.[9]

{¶ 35} Under the foregoing circumstances, we find, as a matter of law, the parties contractually agreed to extinguish their duties to arbitrate under the clear

---

[8] To this point, this court believes it is premature to address, and therefore takes no stance on, the trial court's statement in the judgment entry that "[t]his contract amendment, however, does not relieve Northern Ohio Eye Consultants (or its successor(s)) of their obligations to plaintiff that arose while the employment contract was still in effect and were never fulfilled."

[9] As consideration for the Amended Agreement, Dr. Costin's right to conduct an independent audit was not incorporated into the Amended Agreement.

terms of the Amended Agreement.[10]  In the absence of a valid and enforceable arbitration agreement, the trial court did not err in denying appellants' motion to compel arbitration without holding a trial.  For these same reasons, the court did not err in denying appellants' motion to stay the proceedings or discovery pending arbitration.

{¶ 36} The sole assignment of error is overruled.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

---

[10] Having determined that the negotiated terms of the Amended Agreement prevail, we decline to address whether Midwest Vision was entitled to enforce the arbitration provision in the original Employment Agreement as a nonsignatory to the agreement.