[Cite as *Bello v. Highland Pointe Health & Rehab Ctr.*, 2026-Ohio-265.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEITH BELLO,                                              :

    Plaintiff-Appellee,                         :

                                    No. 115326

    v.                                                    :

HIGHLAND POINTE HEALTH &
REHAB CENTER, ET AL.,                         :

    Defendants-Appellants.                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 29, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-115196

---

### *Appearances:*

Eadie Law, William B. Eadie, Mike J. Callow, Tricia A. Scott, *for appellee.*

Marshall Dennehey P.C. and Leslie M. Jenny, *for appellants.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendants-appellants Highland Pointe Health & Rehab Center aka High Pointe Health & Rehab Center LLC, Saber Healthcare Holdings, LLC, Saber Governance LLC and SHG Management LLC ("Defendants") appeal the trial

court's denial of their motion to stay and enforce an arbitration agreement and their request for an oral hearing pursuant to R.C. 2711.03. For the reasons that follow, we reverse the trial court's judgment and remand the matter for an oral hearing.

**Procedural History**

{¶ 2} Appellee Keith Bello ("Bello") filed suit against Defendants alleging claims for medical negligence/recklessness, nursing home resident rights violation pursuant to R.C. 3721.13 and inpatient rehabilitation facility negligence for treatment he received at Highland Pointe Health & Rehab Center.

{¶ 3} Defendants filed an answer and also a motion to stay and enforce an arbitration agreement. In their motion, Defendants specifically requested an oral hearing pursuant to R.C. 2711.03 and attached to the motion a healthcare power of attorney signed by Bello's daughter, Brittany Bello. Bello opposed the motion alleging Defendants failed to attach the actual arbitration agreement and that the power of attorney was invalid because it was not signed by Bello, that it did not specifically convey the right to enter into an arbitration agreement and that it was not effective at the time Bello entered Defendants' facility. Defendants filed a reply brief attaching the arbitration agreement, which was electronically signed by Brittany Bello. Bello filed a surreply brief reiterating the same arguments which were set forth in his brief in opposition.

{¶ 4} The trial court issued a judgment entry finding that even in the absence of Bello's signature on the power of attorney, and assuming it was

effective, that "the limitations on the decisions Brittany Bello would be permitted to make, are material issues of fact precluding enforcement . . . of the arbitration provision" and denied Defendants' motion to stay and enforce arbitration.

{¶ 5} It is from this denial that Defendants appeal, raising two assignments of error for our review:

> 1. The trial court erred and abused its discretion by not holding a hearing regarding the enforcement of the arbitration agreement as required by O.R.C. 2711.
>
> 2. The trial court erred and abused its discretion by not staying the entire matter pending complete arbitration of all arbitrable claims as required by O.R.C. 2711.

**Law and Analysis**

{¶ 6} Both of Defendants' assignments of error concern the denial of their motion to stay the case and enforce arbitration so they will be dealt with together.

{¶ 7} In Defendants' first assignment of error, they allege the trial court abused its discretion by failing to hold an oral hearing before denying the motion to enforce arbitration which they argue is required by R.C. 2711.03. Bello argues that because the trial court "heard" the case via the written motions which were filed, an oral hearing was not required.

{¶ 8} We review a trial court's decision to grant or deny a motion to compel arbitration or stay the proceedings under the abuse-of-discretion standard. *Costin v. Midwest Vision Partners, L.L.C.*, 2024-Ohio-463, ¶ 13 (8th Dist.), citing *U.S. Bank, N.A. v. Wilkens*, 2012-Ohio-263, ¶ 13 (8th Dist.); *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 2011-Ohio-1103, ¶ 8 (8th Dist.). An abuse of discretion

occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 9} R.C. 2711.03, titled "Enforcing arbitration agreement," governs petitions to compel arbitration. "R.C. 2711.03 allows a party that claims to be aggrieved by another party's alleged failure to comply with an arbitration agreement to petition a court of common pleas 'for an order directing that the arbitration proceed' and states that the court 'shall hear the parties.'" *Maestle v. Best Buy Co.*, 2003-Ohio-6465, ¶ 3, quoting R.C. 2711.03(A).

{¶ 10} "[W]here a party has filed a motion to compel arbitration pursuant to R.C. 2711.03, 'the court must, in a hearing, make a determination as to the validity of the arbitration clause.'" *Costin* at ¶ 20, quoting *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 2008-Ohio-1820, ¶ 21 (8th Dist.), citing *Maestle* at ¶ 18.

{¶ 11} As stated in *Costin*:

Applying the foregoing principle, this court has consistently held that "a hearing is mandatory on a motion to compel arbitration in order to determine the validity of the arbitration clause." [*Marks*] at ¶ 22, citing *McDonough v. Thompson*, 8th Dist. Cuyahoga No. 82222, 2003-Ohio-4655, ¶ 11. *See also Post v. Procare Automotive Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106; *Benson v. Spitzer Mgmt. Inc.*, 8th Dist. Cuyahoga No. 83558, 2004-Ohio-4751; *Herman v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga Nos. 81143 and 81272, 2002-Ohio-7251; *Olah v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 86132, 2006-Ohio-694; *Samoly v. Landry*, 8th Dist. Cuyahoga No. 89060, 2007-Ohio-5707."

*Costin* at ¶ 20. The court went on to qualify that

[a] "hearing," however, does not necessarily require an oral evidentiary hearing as appellants' suggest on appeal. "[A] 'hearing' means any confrontation, oral or otherwise, between an affected individual [and a decisionmaker] sufficient to allow the individual to present the case in a meaningful manner. Hearings may take many forms, including a 'formal,' trial-type proceeding, an 'informal discuss(ion)' . . ., or a 'paper hearing,' without any opportunity for oral exchange."

*Costin* at ¶ 21, quoting *Liese v. Kent State Univ.*, 2004-Ohio-5322, ¶ 38, fn. 6 (11th Dist.), quoting *Gray Panthers v. Schweiker*, 652 F.2d 146, 148, fn. 3 (D.C.Cir. 1980); *see also Nemec v. Morledge*, 2021-Ohio-3361, ¶ 18 (8th Dist.), citing *Marks* at ¶ 29, quoting *Liese*.

{¶ 12} This court has held that "'a trial court need not hold an oral or evidentiary hearing regarding an R.C. 2711.03 motion absent a proper request.'" *Blue Technologies Smart Solutions, Inc. v. Ohio Collaborative Learning Solutions, Inc.*, 2020-Ohio-806, ¶ 26 (8th Dist.), quoting *Chrysler Fin. Servs., Ams., L.L.C. v. Henderson*, 2011-Ohio-6813, ¶ 21. *See also Church v. Fleishour Homes, Inc.*, 2007-Ohio-1806, ¶ 29 (5th Dist.) ("While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request.").

{¶ 13} This court held recently in *Lee v. Bath Manor Ltd. Partnership*, 2023-Ohio-816, ¶ 11 (8th Dist.), that the trial court erred when it failed to hold an oral hearing to determine the validity of the arbitration agreement prior to ruling on the motion to compel arbitration because a party specifically and unequivocally requested an oral hearing pursuant to R.C. 2711.03 in its motion to compel arbitration.

**{¶ 14}** As such, while an oral hearing is not always required to satisfy the "hearing" mandate of R.C. 2711.03, an oral hearing is required and shall be granted when specifically and unequivocally requested by a party pursuant to R.C. 2711.03 to determine whether the validity of the arbitration agreement is at issue prior to ruling on the motion to compel arbitration.

**{¶ 15}** We find Defendants specifically and unequivocally requested an oral hearing pursuant to R.C. 2711.03 in their motion to stay and enforce the arbitration agreement: "Defendants request an oral hearing pursuant to Ohio Revised Code §2711.03." Similarly, the motion's caption contained a "request for evidentiary hearing pursuant to R.C. 2711.03."

**{¶ 16}** Because an oral hearing shall be granted when requested pursuant to R.C. 2711.03 and an oral hearing was requested here, we find the trial court abused its discretion by denying Defendants' motion to stay and enforce arbitration before conducting an oral hearing to determine whether the validity of the arbitration agreement is at issue.

**{¶ 17}** Defendants' first assignment of error is sustained.

**{¶ 18}** Furthermore, we find our disposition of Defendants' first assignment of error renders the second assignment of error moot. *See* App.R. 12(A)(1)(c).

**{¶ 19}** Judgment reversed and remanded to the trial court to conduct an oral hearing to determine whether the validity of the arbitration agreement is at issue.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR